# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| RAYMOND AMERSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:17-cv-1804-CDP |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon petitioner Raymond Amerson's Petition for Writ of Audita Querela, filed pursuant to the All Writs Act, 28 U.S.C. § 1651. The petition will be denied, and this case will be dismissed with prejudice. In addition, Amerson will be relieved of the obligation to pay the statutory filing fee or move for leave to proceed *in forma pauperis*.

### Background

In June of 1993, Amerson was convicted by a jury of one count of conducting an enterprise through a pattern of racketeering activity in violation of 18 U.S.C. § 1962(c), one count of conspiring to do the same in violation of 18 U.S.C. § 1962(d), and two counts of committing violent crimes (murder, conspiracy to commit murder, and attempted murder) in aid of a racketeering enterprise in violation of 18 U.S.C. § 1959. *United States v. Amerson*, Case No. 4:91-cr-1-CDP-6 (E.D. Mo. Apr. 18, 1997). He was sentenced to life imprisonment. The United States Court of Appeals for the Eighth Circuit affirmed the convictions. *United States v. Darden, et al.*, 70 F.3d 1507 (8th Cir. 1995).

In March of 1997, Amerson filed a motion for relief in the closed criminal case. On November 27, 2000, the Court denied relief under all espoused legal theories, including explicitly denying relief under 28 U.S.C. § 2255. On appeal, the Eighth Circuit denied an application for a certificate of appealability, and dismissed the appeal. *See Amerson Bey v. United States*, Case No. 01-1429 (8th Cir. 2001). On July 25, 2002, Amerson moved for reconsideration of the November 27, 2000 order, but his

motion was denied as untimely and meritless. On September 6, 2002, Amerson filed another motion, which was construed as a motion to vacate pursuant to § 2255. *Amerson v. United States*, 4:02-cv-1396-CDP (E.D. Mo. Nov. 13, 2002). In a Memorandum and Order dated November 13, 2002, the motion to vacate was dismissed as time-barred and successive.[1] Amerson did not appeal.

Amerson continued to challenge his sentence in a variety of ways. For example, on July 31, 2003, he filed a "petition for right of review pursuant to Title 5, United States Code § 702" in which he questioned this Court's jurisdiction and presented various arguments about the constitutionality of the federal criminal statutes under which he had been convicted. *Amerson v. United States,* Case No. 4:03-cv-1050-CDP (E.D. Mo. Nov. 3, 2003). On November 3, 2003, the case was dismissed as successive, Amerson appealed, and on May 24, 2004, the Court of Appeals affirmed. *Amerson v. United States*, Case No. 04-1025 (8th Cir. 2004). In 2011, Amerson filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, which was dismissed for want of jurisdiction. *Amerson v. United States,* Case No. 4:11-cv-272-LMB (E.D. Mo. Feb. 23, 2011). On September 19, 2014, Amerson filed another motion to vacate pursuant to 28 U.S.C. § 2255, which was dismissed as successive. *Amerson v. United States*, Case No. 4:14-cv-1644-CDP (E.D. Mo. Oct. 7, 2014). Amerson appealed the dismissal, but on February 13, 2015, the Court of Appeals affirmed. *Amerson v. United States*, Case No. 14-3631 (8th Cir. 2014).

In the case at bar, Amerson continues his efforts to have this Court modify his sentence. He identifies the instant petition as one filed pursuant to the All Writs Act seeking a writ of audita querela. He states that he seeks relief based upon Amendment 790 to the Guidelines, which clarified the use of

---

[1] Although the Court did not follow the procedures prescribed by the Eighth Circuit in *Morales v. United States*, 304 F.3d 764 (8th Cir. 2002) (requiring notification to a defendant before a Court reclassifies a motion as one brought under 28 U.S.C. § 2255), the Court determined that doing so was unnecessary because the time limit for filing a § 2255 had passed, and because Amerson had already filed one motion that had been construed as having been brought pursuant to § 2255.

relevant conduct in offenses involving multiple participants. He argues that the Court failed to make the findings required by Amendment 790, and asks the Court to correct his sentence.

**Discussion**

"A writ of audita querela is a common law writ 'available to a judgment debtor who seeks a rehearing of a matter on grounds of newly discovered evidence or newly existing legal defenses.'" *United States v. Boal*, 534 F.3d 965, 967 n. 2 (8th Cir. 2008) (internal citation omitted). Although a writ of audita querela remains theoretically available in criminal cases by virtue of the All Writs Act, 28 U.S.C. § 1651, *see Morgan v. United States*, 346 U.S. 502, 506 (1954), it is available on a very limited basis, only to the extent it fills in "gaps" in the current system of post-conviction relief. *Massey v. United States*, 581 F.3d 172, 174 (3rd Cir. 2009). As the Supreme Court has held: "the All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute. Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling." *Carlisle v. United States*, 517 U.S. 416, 429 (1996) (quoting *Pennsylvania Bureau of Correction v. United States Marshals Service*, 474 U.S. 34, 43 (1985)); *see also United States v. Feist*, 346 Fed. Appx. 127 (8th Cir. 2009) ("A writ of audita querela is not available where other cognizable remedies exist.").

In this case, because Amerson is seeking modification of his sentence due to an amendment to the Sentencing Guidelines, the proper avenue to seek relief is 18 U.S.C. § 3582. Because "a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling," *Carlisle*, 517 U.S. at 429, and a writ of audita querela is unavailable. *Feist*, 346 Fed. Appx. 127.

Amerson argues that a writ of audita querela is available because 18 U.S.C. § 3582 and 28 U.S.C. § 2255 are inadequate or ineffective. Amerson writes that his challenge is not based on a new

3

rule of constitutional law made retroactive to cases on collateral review or upon a Guidelines Amendment that is listed in § 1B1.10(d), and argues: "[T]hus, a § 2255 and/or § 3582(c)(2) is 'INADEQUATE or INEFFECTIVE' to challenge his sentence and/or to request a sentence reduction." (Docket No. 1 at 8).

The Court disagrees. Amerson's argument is flawed because it attributes blame to the wrong source. Amerson's true impediment is the fact that Amendment 790 is not retroactive, not the remedies of § 3582 and/or § 2255. In other words, Amerson's attempt to gain relief is not hampered by the § 3582 and/or § 2255 remedies themselves, it is hampered because Amendment 790 is not retroactive. *See, e.g., U.S. ex rel. Perez v. Warden, FMC Rochester*, 286 F.3d 1059, 1062 (8th Cir. 2002) (§ 2255 was not inadequate or ineffective because *Apprendi* relief was, as a practical matter, unavailable through § 2255 motions; the true impediment was the fact that the Supreme Court had not made *Apprendi* retroactive, not the remedy by § 2255 motion). In addition, to the extent Amerson focuses upon § 2255, the Court notes that § 2255 is not inadequate or unavailable because Amerson has already been denied § 2255 relief or because he lacks permission to file a second or successive § 2255 petition. *See Hill v. Morrison*, 349 F.3d 1089, 1091 (8th Cir. 2003) (internal citation omitted).

In this case, there is no "gap" in the system of post-conviction relief rendering a writ of audita querela available. The Sentencing Commission has carefully considered which Guidelines amendments should have retroactive effect, and has concluded that Amendment 790 does not. Allowing Amerson to bypass the restrictions of § 1B1.10 simply by invoking the writ of audita querela would effectively nullify those restrictions and produce an absurd result. Because another statute specifically addresses the particular issue at hand, the All Writs Act does not apply, and a writ of audita querela is unavailable. See *Carlisle*, 517 U.S. at 429; *Feist*, 346 Fed. Appx. 127; *Massey*, 581 F.3d at 174.

Amerson has also filed a motion for reconsideration of this Court's prior order directing him to pay the statutory filing fee or move for leave to proceed *in forma pauperis*. (Docket No. 5). The Court will grant the motion to the extent Amerson seeks to be relieved of the obligation to pay the statutory filing fee or file a motion for leave to proceed *in forma pauperis*, and deny it in all other respects.

The Court has considered whether to issue a certificate of appealability. To do so, the Court must find a substantial showing of the denial of a federal constitutional right. *See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir.1997). A substantial showing is a showing that issues are debatable among reasonable jurists, a Court could resolve the issues differently, or the issues deserve further proceedings. *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997) (*citing Flieger v. Delo*, 16 F.3d 878, 882–83 (8th Cir. 1994)). Because petitioner has made no such showing, the Court will not issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner Raymond Amerson's Petition for Writ of Audita Querela (Docket No. 1) is **DENIED**, and this case is **DISMISSED** with prejudice. A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that petitioner Raymond Amerson's Motion for Reconsideration (Docket No. 5) is **GRANTED** to the extent petitioner seeks to be relieved of the obligation to pay the statutory filing fee or file a motion for leave to proceed *in forma pauperis*, and **DENIED** in all other respects.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

Dated this 20th day of September, 2017.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE