# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| RAYMOND AMERSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:17-cv-1804-CDP |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon petitioner Raymond Amerson's Motion for Reconsideration. The motion is meritless and will be denied.

On September 20, 2017, I dismissed Amerson's petition for writ of audita querela after determining that the writ was unavailable because a statute specifically addressed the particular issue at hand. I also determined that there was no gap in the system of post-conviction relief rendering the writ available, noting, *inter alia*, that Amerson's attempt to gain relief was not hampered by the remedies provided by 18 U.S.C. § 3582, it was hampered because Amendment 790 was not listed in § 1B1.10(d). In the instant motion, Amerson complains that the Court failed to address the merits of one of his arguments; namely, that courts have the authority to give retroactive effect to clarifying amendments. He asks the Court to consider that argument and grant him the relief he sought in his petition.

Motions such as the one at bar "serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence." Fed. R. Civ. P. 59(e); *see also United States v. Metropolitan St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006) (*quoting Innovative Home Health Care, Inc. v. P.T.-O.T. Associates of the Black Hills*, 141 F.3d 1284,

1286 (8th Cir. 1998)). Such motions do not allow a party to re-litigate matters, or raise arguments or present evidence that could have been presented prior to the entry of judgment, unless good cause is shown for such failure. *Holder v. United States*, 721 F.3d 979, 986 (8th Cir. 2013); *Innovative Home Health Care*, 141 F.3d at 1286.

Upon review of the instant motion, the Court concludes that it fails to point to any manifest errors of law or fact, or any newly discovered evidence. Instead, the motion can be said to merely revisit an old argument. Amerson is not entitled to relief. *See id.*

Accordingly,

**IT IS HEREBY ORDERED** that petitioner Raymond Amerson's Motion for Reconsideration (Docket No. 8) is **DENIED.**

Dated this 6th day of October, 2017.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE